CARR et al. v. KIMBALL et al.

(Supreme Court, Appellate Division, First Department.    June 7, 1912.)

APPEAL AND ERROR (§ 80*)—APPEAL FROM FINAL JUDGMENT—RECORD.

An interlocutory judgment was entered for plaintiffs, under which the amount of recovery was to be determined by reference, and a final judgment confirming the report of the referee fixed the amount recoverable, and defendants appealed from both judgments. *Held*, that on the record there was a proper appeal from the final judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494, 509; Dec. Dig. § 80.*]

Appeal from Special Term, New York County.

Action by Walter C. Carr and another, suing on behalf of themselves and all other persons similarly situated, against Horatio Kimball and others. Judgment for plaintiffs, and Horatio Kimball and certain other defendants appeal. On motion to strike appeal from calendar. Denied.

See, also, 137 App. Div. 921, 122 N. Y. Supp. 1123.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Clarke, Breckinridge & Caffey, of New York City, for appellants.
William F. McCombs, of New York City, for respondents.

PER CURIAM. The judgment of June 30, 1911, is clearly interlocutory. The amount of the recovery against the defendants had to be determined by a reference, to be applied for at the foot of the judgment. The final judgment of March 28, 1912, confirming the report of the referee, fixed the amount payable by the defendants, and it is the final judgment in the action. The defendants appeal from that final judgment, and also from the interlocutory judgment, bringing up for review the determination of the court below holding the defendants liable.

As the testimony before the referee was not printed, of course, the court on appeal will not pass upon its correctness, or the regularity of the order of reference; that not having been appealed from. To present this question, the record seems to be sufficient.

Motion is therefore denied, with $10 costs.